# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| DAWIT KINFE RETA, *et al*. | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 8:10-CV-00365-AW |
| CHANG H. KIM, *et al*. | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Dawit Kinfe Reta (hereinafter, "Plaintiff") on behalf of himself others similarly situated, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 216(b), brings this suit against Tiger Market IGA ("Tiger Market") and Chang H. Kim ("Mr. Kim") (collectively "Defendants"). Plaintiff alleges that he is entitled to (i) unpaid overtime wages for all hours worked in excess of 40 hours in a workweek; (ii) unpaid minimum wages in those instances where Tiger Market employees did not receive the statutory minimum wage; (iii) an amount equivalent to their unpaid minimum wages and overtime wages as liquidated damages; and (iv) statutory attorney's fees and the cost of bringing this action. Plaintiff also brings a claim for violations of the Maryland Wage and Hour Law. MD. CODE ANN., LAB. & EMPL. § 3-401 *et seq*. Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint and/or to Dismiss as Parties Defendants Tiger Market IGA and Peoples Food, Inc., and Plaintiff's Motion for Conditional Certification of Class. The Court will discuss each motion *seriatim*. For the reasons that follow, Defendants' Motion to Dismiss is **DENIED** and Plaintiff's Motion for Conditional Certification of Class is **GRANTED**.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint, unless otherwise noted. Plaintiff is a resident of Washington, DC. (Doc. No. 1, ¶ 2). The similarly situated plaintiffs in this suit are currently or were previously employed as Tiger Market employees. *Id.* at ¶ 3. Defendant Chang H. Kim is an owner and officer of Defendant Tiger Market IGA. *Id.* at ¶ 6. Allegedly, Defendant Tiger Market is allegedly a wholly owned subsidiary of People's Food, Inc. *Id.* at ¶ 5.

Reta and other similarly situated employees were employed by Defendant Tiger Market. *Id.* at ¶¶ 2, 14. Reta was employed as a sales worker by Defendants from October 2008 to November 2009. *Id.* at ¶ 17. During the time of the employment, Mr. Kim had the power to control significant aspects of Tiger Market's functions including the power to hire and fire the employees, to supervise or control the employees' work schedules or conditions of employment, to determine the rate and method of employee compensation, and the authority over maintenance of employment records. *Id*. at ¶¶ 15-16.

Defendants allegedly required Plaintiff and other similarly situated employees to work more than 40 hours in a workweek on a regular basis. *Id*. at ¶ 18. Despite working more than 40 hours in a workweek, Plaintiff and other employees were denied their overtime rate of 1.5 times their normal rate of pay for all hours worked in excess of 40 in a workweek as mandated by the Fair Labor Standards Act. *Id.* at ¶¶ 19-20.

Specifically with respect to Reta, in addition to failing to pay Reta his overtime rate, Kim paid Plaintiff $400 in cash every Sunday, which Plaintiff received in an unmarked envelope. *Id.* ¶ at 21. Plaintiff alleges that the pay that he received was "without regard to the relevant minimum wage laws." *Id.* Additionally, Mr. Kim did not withhold employment taxes from Plaintiff's wages, nor did he issue Plaintiff a W-2 or 1099. *Id.* ¶ at 22. Plaintiff avers that he is

aware through personal conversations with other employees and through statements made by Defendants that other employees were paid in the same manner as Plaintiff. *Id.* at ¶ 3. Plaintiff maintains that upon information and belief, Defendants paid approximately twenty-five Tiger Market employees in the same manner as Plaintiff. *Id.* at ¶ 24.

Furthermore, Plaintiff also indicates that Defendants failed to post a notice informing employees of their rights under FLSA in a readily accessible location as required by FLSA. *Id.* at ¶25. In addition, Plaintiffs posit that Defendants intentionally misled Plaintiff and the other employees concerning their rights to minimum wages and overtime wages under the FLSA. *Id.* at ¶ 27.

Defendants move for the Court to dismiss the Plaintiff's Complaint and/or to dismiss Defendants Tiger Market IGA and Peoples Food, Inc. as parties from this matter.

From the Docket in this case, it appears as though service of process has not been effectuated upon Defendants Peoples Food, Inc. and Tiger Market IGA. The Court will issue a Show Cause Order to Plaintiffs, directing Plaintiffs to show cause as to why these Defendants should not be dismissed for failure to timely serve them.

## II.   STANDARD REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

**III. DISCUSSION**

**A. *Defendant's Motion to Dismiss***

**i. *Failure to name the similarly situated individuals***

Plaintiff brings the instant action on behalf of himself and others similarly situated pursuant to 29 U.S.C. §216 (b).  In asking this Court to dismiss Plaintiff's Complaint, Defendants assert that Plaintiff has failed to obtain consent from other similarly situated employees, as required by the statute, and thus Plaintiff does not have standing to sue on behalf of these employees.  (Doc. No. 5, at 2).

Under 29 U.S.C. §216(b), similarly situated employees are required to give their consent in writing to become a party plaintiff to the class action and the consent should be filed in the court in which such action is brought.  The statute does not provide a definition for similarly situated.  However, this district has held that when the members of a group of FLSA plaintiffs

4

"have shown themselves to be victims of a common policy, scheme, or plan that violated the law," then these members are deemed to be similarly situated. *Mancia v. Mayflower Textile Servs. Co.*, 2008 U.S. Dist. LEXIS 88170, at *9-10 n.5 (D. Md. Oct. 14, 2008).

The determination of whether the employees are similarly situated is left to the discretion of the Court. The Court also determines whether a court-facilitated notice will be needed to allow the prospective party plaintiffs to opt into the suit. *Id.* at 11. In the event that a court-facilitated noticed is required, such notice will be sent out to similarly situated employees to opt in as prospective plaintiffs. Until a similarly situated employee opts into the lawsuit by giving "his consent in writing to become such a party and such consent is filed in the court in which such action is brought," the plaintiff represents himself. *Simmons v. United Mortg. & Loan Inv., LLC*, 2011 U.S. App. LEXIS 1189, at *5-6 (4th Cir. Jan. 21, 2011). Therefore, as Plaintiff has moved for conditional class certification, the Court will not dismiss the Plaintiff's Complaint simply because no other similarly situated employee has been named. The Court will now address the Plaintiff's Motion for Conditional Class Certification.

### B. *Plaintiff's Motion for Conditional Certification of Class*

Plaintiff asks the Court to conditionally certify the plaintiff group as a class pursuant to the Fair Labor Standard Act, 29 U.S.C. § 213 *et seq.* These statutory provisions provide that an employee may maintain an action against his employer on behalf of himself or themselves and other employees similarly situated. 29 U.S.C. § 216(b) establishes an opt-in scheme which varies from the class action scheme under Rule 23 of the Federal Rules of Civil Procedure.

Under this opt-in scheme, the potential group members must notify the court of their intention to become party Plaintiffs in the lawsuit. *Quinteros v. Sparkle Cleaning*, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008); *see also Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D.

516, 519 (D. Md. 2000). The determination of whether to allow such lawsuit to continue and whether to send notice to the potential party Plaintiffs is left to the discretion of the Court. *Quintero*, 532 F. Supp. 2d 771. In making the determination of whether to conditionally certify the class, the court must consider "whether Plaintiffs have demonstrated that potential class members are similarly situated." *Id.* As previously mentioned in this Opinion, members of a group of FLSA plaintiffs are considered similarly situated when they "have shown themselves to be victims of a common policy, scheme, or plan that violated the law." *Mancia v. Mayflower Textile Servs. Co.*, 2008 U.S. Dist. LEXIS 88170 (D. Md. Oct. 14, 2008).

In order for the Court to grant assistance to the plaintiff through the facilitation of notice to potential party plaintiffs, the plaintiff is required "to make a preliminary factual showing, through the use of means such as affidavits, that a similarly situated group of potential plaintiffs exists." *Quintero*, 532 F. Supp. 2d 771-72 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 893-94 (D. Md. 1995)). It is not enough that Plaintiff merely alleges the existence of similarly situated employees in his Complaint. *Id.* at 772. Finally, Plaintiff need not show that his position is identical to the positions held by the other similarly situated employees; it is enough that Plaintiff's situation is similar to the positions of these employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

Plaintiff stated in his Complaint and Affidavit that he is aware through conversations with other employees and statements by Defendants that similar to Plaintiff, the other employees did not receive their overtime wages. In addition to his Complaint and Affidavit stating that he spoke to other employees who were paid in the same fashion as Plaintiff, Plaintiff also attached an affidavit from Parker Sinclair ("Sinclair"), a law clerk at the firm representing Plaintiff. (Doc. No. 11-1) Sinclair stated that Kim and an associate came to visit Plaintiff's counsel to explain

their "position." *Id.* at 2. Although they were warned to retain outside counsel, they proceeded to inform Plaintiff's counsel that Mr. Kim paid all of his employees in cash. The employees were paid in this manner because they did not have social security numbers or bank accounts, and were not authorized to work in the United States. Defendants wrote checks to these employees and Mr. Kim cashed and tendered these checks to the employees.

The standard employed by the court in deciding if the employees are similarly situated is a "fairly lenient standard." *Calderon v. Geico General Ins.* Co., No. RWT 10-cv-1958, 2011 WL 98197 (D. Md. Jan. 12, 2011), After reviewing the pleadings related to Plaintiff's Motion, this Court believes that Plaintiff has made a preliminary showing, through his Complaint and affidavits, that Defendants' other employees were paid in a similar fashion as Plaintiff and did not receive their overtime wages. Thus, this Court **GRANTS** Plaintiff's Motion for Conditional Certification of Class.

### ii.  *Misjoinder of Defendants Tiger Market IGA and Peoples Food, Inc.*

Defendants ask the Court to dismiss Defendants Tiger Market IGA and Peoples Food, Inc. as parties because People's Food, Inc. is no longer a corporation under the laws of the state of Maryland. Citing *Patten v. Board of liquor license Com'rs for Baltimore City*, 107 Md. App. 224, 667 A.2d 940 (Md. Ct. Spec. App. 1995) and *Scott v. Seek Lane Venture, Inc.*, 91 Md. App. 668, 605 A.2d 942 (Md. Ct. Spec. App. 1992), Defendants argue that since the corporate charter for People's Food, Inc. has been forfeited, its corporate existence has ceased. Hence, Defendants argue that it is not a proper party to this suit. In *Patten*, the court stated that once a corporation loses its charter, it no longer has a legal existence. *See Patten*, 107 Md. App. at 233.

The Court agrees with Defendants that once a corporation forfeits its charter, it no longer has a legal existence. When a corporation is chartered, it receives powers such as the power to

complain, to sue, be sued, and the power to defend in all courts. *See* MD. CODE ANN., CORPS. & ASS'NS § 2-103 ("Unless otherwise provided by law or its charter, a Maryland corporation has the general powers, whether or not they are set forth in its charter, to: [s]ue, be sued, complain, and defend in all courts."). Therefore, when the corporation forfeits its charter, it loses the powers its charter conferred. MD. CODE ANN., CORPS. & ASS'NS § 3-503 ("When the charters of the corporations are repealed, annulled, and forfeited, the powers conferred by law on the corporations are inoperative, null, and void."). Accordingly, because People's Food Inc. has lost its charter, it can no longer be sued as a corporation.

However, §3-515 of the Maryland Code provides for the only situation when a corporation that has forfeited its charter can be sued. This section states that, "[w]hen the charter of a Maryland corporation has been forfeited . . . the directors of the corporation become the trustees of its assets for purposes of liquidation . . . . The director-trustees may: sue or be sued in their own names as trustees or in the name of the corporation." MD. CODE ANN., CORPS. & ASS'NS §3-515. Therefore, while People's Food Inc. cannot be sued as a corporation, its trustee can be sued in his own name as the trustee or in the name of the corporation. While Plaintiffs assert that Defendant Kim "owns or operates a convenience store named Tiger Mart," there is no indication from the pleadings that Defendant Kim is the trustee of Peoples Food, Inc. Accordingly, it is clear that he is not a proper party to sue on behalf of Peoples' Food, Inc. Plaintiffs note "People's Food, Inc. continues to do business under its former corporate name, despite losing its charter in 1999 for failure to file personal property returns . . . and has not, to wit, wound up its corporate affairs." (Doc. No. 7, at 3). Even if this were true, these facts are irrelevant to whether the Plaintiff has named the proper parties to this suit. The Plaintiff has

failed to name the trustee of People's Food, Inc. as a party to this matter. Accordingly, the Court will **DISMISS**, this matter against People's Food, Inc., without prejudice.

Plaintiff's Complaint asserts that Tiger Market IGA is a subsidiary of People's Food Inc. Defendants aver that Plaintiff's Complaint states that Tiger Market IGA is a Maryland corporation. (Doc. No. 5, at 3). However, Defendants aver that Plaintiff misjoined Tiger Mart, Inc., as "it is a business wholly unconnected with Plaintiff Reta and/or Defendant Kim. . . ." (Doc. No. 5, at 3). Plaintiff indicates that he "admit[s] ignorance on this fact" (Doc. No. 7, at 3) due to the ambiguous business structure of the Defendants' company.[1] The Court recognizes that the Tiger Market IGA's connection to Peoples' Food is quite unclear. However, it appears to the Court that Tiger Market IGA and not Tiger Mart, Inc. has been named as a party to this suit. There does not seem to be a dispute that Defendant Kim owns Tiger Market IGA. The Court believes that the confusion has arisen in this case because Plaintiffs have indicated that Tiger Market IGA is a corporation, and the only corporation that is listed in the Maryland Department of Assessments and Taxation database is Tiger Mart, Inc., a corporation that is not connected to the parties in this litigation. However, because Tiger Market IGA and not Tiger Mart, Inc. has been named as a party to this suit, there is no risk that Tiger Mart, Inc. will suffer any harm if this suit remains against Tiger Market IGA, a seemingly separate business entity.

---

[1] According to Plaintiff, "There are three entities listed under 'Tiger Market' or some close variation on the Maryland SDAT website . . .the online YellowPages have a business listing for the convenience store and business at the center of this dispute, which is attached to this filing, and names the business as 'Tiger Market IGA' . . . . What the Defendant did not dispute . . . is that Peoples Food, an admittedly forfeited corporate entity in the state of Maryland, is or was owned by Chang H. Him, Defendant, which owns or operates a convenience store named Tiger Mart where the Plaintiff . . . was employed." (Doc. No. 7, at 4).

At this juncture, the Court will allow discovery to clarify whether Tiger Market IGA is a proper party to this suit. Plaintiff has properly alleged that Defendant Kim owns Tiger Market IGA, and therefore, it appears that Tiger Market IGA is a proper party to this suit.[2]

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES-in-Part and GRANTS-in PART** Defendants' Motion to Dismiss and **GRANTS** Plaintiff's Motion for Conditional Certification of Class. A separate Order will follow. The Court will proceed to issue a Scheduling Order in this case.

Date: March 23, 2011

/s/
Alexander Williams, Jr.
United States District Judge

---

[2] It appears as though Tiger Market IGA has not yet been served in this matter. The Court will issue a Show Cause Order to Plaintiffs, requiring Plaintiffs to show cause as to why this Defendant should not be dismissed from this case.